FILED LAL
JAN 17 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNICO AMERICAN CORPORATION, and CRUSADER INSURANCE COMPANY<br><br>Plaintiffs,<br><br>v.<br><br>CRUSADER CAPTIVE SERVICES LLC, and BRYN MAWR MANAGEMENT SERVICES LLC<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 06C 0231<br><br>JUDGE MANNING<br>Jury Trial Demanded<br><br>MAGISTRATE JUDGE KEYS |

## COMPLAINT

Plaintiffs Unico American Corporation ("Unico") and Crusader Insurance Company ("Crusader") (collectively "Plaintiffs"), through their attorneys, complain as follows against Defendants Crusader Captive Services LLC ("CCS") and Bryn Mawr Management Services LLC ("Bryn Mawr") (collectively "Defendants"):

### NATURE OF THE ACTION

1. This is a complaint seeking redress of violations of state and federal trademark infringement and unfair competition under common law.

2. As described more fully below, Defendants wrongfully, willfully, and recklessly adopted a name virtually identical to and confusingly similar to that of Unico's famous name and mark CRUSADER for their own unrelated insurance services.

3. In 1976, Unico adopted the name and mark CRUSADER for use in connection with insurance services. Unico has used the mark nationwide for many years, and has registered the service mark "CRUSADER" with numerous states, including Illinois.

4. Upon learning of Defendants' unauthorized and unlawful use of its name and mark, Unico requested an immediate halt to the infringement. Defendants, however, persist in their unlawful use of Plaintiffs' mark.

5. Defendants' use of the CRUSADER name and mark creates a likelihood of confusion among the public seeking insurance related goods and services. Plaintiffs seek, among other things, equitable relief, compensatory damages, punitive damages, and attorneys' fees and costs incurred by reason of Defendants' conduct.

## JURISDICTION AND VENUE

6. This Court has jurisdiction (i) over Plaintiffs' federal trademark claims under 28 U.S.C. § 1338(a) and (ii) over Plaintiffs' state trademark claims and unfair competition claim under 28 U.S.C. § 1338(b). Finally, this Court has jurisdiction over all claims pursuant to 28 U.S.C. § 1332 because the amount in controversy is in excess of $75,000, excluding interest and costs, and there is complete diversity between Plaintiffs and Defendants.

7. Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendants are Illinois corporations and are located in this District.

## THE PARTIES

8. Plaintiff Unico American Corporation is a Nevada corporation with its principal place of business located in Woodland Hills, California.

9. Plaintiff Crusader Insurance Company is a California corporation with its principal place of business located in Woodland Hills, California. Crusader is a wholly owned subsidiary of Unico.

10. On information and belief, Defendant CCS is an Illinois limited liability corporation with its principal place of business located in Chicago, Illinois.

11. On information and belief, Defendant Bryn Mawr is an Illinois limited liability corporation with its principal place of business located in Chicago, Illinois.

12. On information and belief, Bryn Mawr is an entity related to CCS through common ownership or management or other affiliation. Bryn Mawr has filed trademark applications in its name that include the name and mark CRUSADER INTERNATIONAL GROUP, which Unico believes Bryn Mawr authorizes CCS to use, as such mark appears on CCS' website.

13. No Defendant is in any manner affiliated or associated with Unico or Crusader, and no Defendant has authorization from Unico or Crusader to use the name CRUSADER for any purpose.

## BACKGROUND FACTS

14. On or about June 14, 1976, Unico formed a wholly owned subsidiary named Crusader Insurance Company to market and promote casualty insurance goods and services. Unico and Crusader have been using the CRUSADER name and mark continuously, openly, notoriously and nationally since that time. Unico and Crusader have invested considerable expense in marketing and promoting their goods and services in connection with the Crusader name and mark. Unico and Crusader have continuously used the name "CRUSADER" to identify Crusader and its goods and services since Crusader was formed.

15. On April 16, 1982, Unico obtained a State of Illinois trademark registration (Reg. No. 051235) for the service mark "CRUSADER."

16. On November 19, 1981, Unico applied for and on December 28, 1982, obtained a United States trademark registration (Reg. No. 1,222,043) for the service mark "CRUSADER."

17. On April 16, 1984, Unico applied for a United States trademark registration (App. No. 73/475,448) for the service mark "CRUSADER INSURANCE COMPANY."

3

18. On April 12, 1985, Unico applied for a United States trademark registration (App. No. 73/532,029) for the service mark "CRUSADER."

19. An entity known as Church Mutual Insurance Company ("Church Mutual") objected to Unico's applications for the CRUSADER and CRUSADER INSURANCE COMPANY applications and its CRUSADER registration.

20. On January 26, 1979, Church Mutual applied for and on September 8, 1981, obtained a United States trademark registration (Reg. No. 1,168,654) for the service mark "CHURCH MUTUAL CRUSADER." Church Mutual was at that time and is still the owner of U.S. Trademark Reg. No. 1,168,654 for the mark CHURCH MUTUAL CRUSADER.

21. The parties amicably resolved their issues, and Church Mutual granted Unico an exclusive license to use the mark CRUSADER in connection with insurance underwriting services, excluding such services to be offered to churches and nursing homes, but for Church Mutual.

22. As a further part of the resolution of their dispute, Unico and Church Mutual agreed that Unico would abandon its then-pending trademark applications and further, would allow its registration to be cancelled by not filing the appropriate declarations of use.

23. Before, during and after resolution of the dispute with Church Mutual, Unico continued to use the name and mark CRUSADER in connection with its goods and services.

24. As a result of Unico's and Crusader's marketing and promotional efforts and substantial investment, CRUSADER brand insurance goods and services are widely recognized as emanating from Unico and Crusader and are very well received among purchasers of such goods and services.

25. Crusader has expended many thousands of dollars to promote the CRUSADER name and mark to the trade and consuming public across the country, and it

4

has used the CRUSADER name and mark in advertising and promotional materials both in Illinois and throughout the nation. Through its extensive and exclusive use of the CRUSADER name, CRUSADER has come to be identified in the eyes of the trade and the consuming public across the country as a premier source of insurance related goods and services.

26. The name and mark CRUSADER is the repository of substantial goodwill and is integral to the high reputation of Unico's and Crusader's business.

27. The name CRUSADER also functions as a service mark to designate Unico's and Crusader's goods and services. This mark is highly and inherently distinctive.

28. Since about August 1973, Unico has been using the UNICO name and mark continuously, openly, notoriously and nationally as part of its trade name, and in connection with its goods and services. Unico has invested considerable expense in marketing and promoting its goods and services in connection with the Unico name and mark. Unico has continuously used the name "UNICO" to identify Unico and its goods and services since it was formed.

29. On July 6, 1984, Unico applied for and on September 8, 1987, obtained a United States trademark registration (Reg. No. 1,456,800) for the service mark "UNICO."

## DEFENDANTS' INFRINGING ACTIVITIES

30. Defendants have adopted and continue to use the names CRUSADER CAPTIVE SERVICES and CRUSADER INTERNATIONAL GROUP for their goods and services, without Unico's or Crusader's authority or permission and in reckless disregard of Unico's and Crusader's trademark rights. In addition, on information and belief, CCS operates a website, which prominently uses the name CRUSADER as part of CRUSADER CAPTIVE SERVICES and CRUSADER INTERNATIONAL GROUP to advertise and promote its services, thereby reaching out to potential consumers of such

goods and services across the nation and creating the false impression in their minds that CCS is affiliated with Unico and Crusader.

31. Promptly after learning of CCS' infringing use of the CRUSADER name and mark, Crusader contacted Defendant CCS by letter and requested that Defendant CCS cease and desist from its infringing activities. CCS, however, refused to comply and in fact, on information and belief, caused Defendant Bryn Mawr to file U.S. trademark applications for marks including the name and mark "CRUSADER INTERNATIONAL GROUP." Despite this warning from Crusader, Defendants have persisted in their unlawful use of Crusader's mark. On information and belief, an entity known as "Crusader International Group" has some affiliation with the Cayman Islands, a well-known haven for less than reputable financial shenanigans.

32. Defendants' unlawful use of the CRUSADER name and mark has caused, and will continue to cause, embarrassing and damaging confusion among the public including suppliers and consumers. This actual confusion is certainly understandable, and will undoubtedly continue, given the substantial similarities between the names and marks.

33. Defendants are positioned to exploit and trade on the goodwill which Plaintiffs have developed in their names and marks as well as damage Unico's and Crusader's impeccable reputation. Consumers will come upon Defendants' CRUSADER offerings and will likely believe that they are associated or affiliated with, or endorsed or sponsored by Unico and Crusader, which they are not.

34. As a result of the likelihood of confusion generated by Defendants' unauthorized use of Unico's and Crusader's names and marks, Defendants are able to attract customers who mistakenly believe that they are purchasing an insurance product or service from Unico and/or Crusader, only to purchase it from Defendants. Defendants will not only wrongfully benefit from Unico's and Crusader's valuable and hard-earned

goodwill but also jeopardize Unico's and Crusader's reputations, particularly with Defendants' association with the Cayman Islands.

35. Unico and Crusader are entitled to protect the goodwill and reputation inherent in their CRUSADER mark under the Lanham Act and Unico's state registrations. Unico and Crusader are likewise entitled to exclusive enjoyment of their name and mark. Unless Defendants' continued unlawful use of the name and mark CRUSADER is restrained by this Court, Unico and Crusader will suffer substantial irreparable injury for which they have no adequate remedy at law.

## COUNT I

### FEDERAL TRADEMARK DILUTION

36. Plaintiffs reallege the allegations contained in paragraphs 1 through 35 as its paragraph 36.

37. Defendants' use of the CRUSADER name and mark causes dilution of the distinctive quality of the famous CRUSADER name and mark owned by Plaintiffs. Defendants intended to trade on Plaintiffs' reputation or cause dilution of Plaintiffs' famous CRUSADER name and mark. Such acts violate Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

38. Defendants' dilutory use of the UNICO and CRUSADER names and marks has caused and will cause irreparable injury to Plaintiffs' business, reputation and goodwill. Plaintiffs have no adequate remedy at law.

## COUNT II

### VIOLATION OF SECTION 43 (A) OF THE LANHAM ACT

39. Plaintiffs reallege the allegations contained in paragraphs 1 through 38 as its Paragraph 39.

40. Defendants' unauthorized use of the name and mark CRUSADER falsely designates the origin of Defendants' goods and services and tends falsely to represent Defendants as being legitimately connected with Unico and Crusader.

41. By reason of the foregoing, Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

42. As a direct and proximate result of Defendants' unlawful conduct, Unico and Crusader have suffered and unless Defendants are enjoined by this Court, will continue to suffer, substantial irreparable injury for which there is no adequate remedy at law.

### COUNT III

### UNFAIR COMPETITION BY INFRINGEMENT OF PLAINTIFFS' COMMON LAW TRADEMARK RIGHTS

43. Plaintiffs reallege the allegations contained in paragraphs 1 through 42 as its Paragraph 43.

44. In view of its first, continuous, prominent and exclusive use of the service mark and trade name CRUSADER, Unico and Crusader have acquired, at common law, a protectable interest in said mark.

45. By reason of the confusion and the likelihood of continued confusion engendered by Defendants' use of the name and mark CRUSADER, Defendants have infringed, and will continue to infringe, upon and Crusader's rights in its distinctive names and marks. Defendants have persisted in this infringing conduct intentionally and willfully, and with full knowledge of Plaintiffs' rights.

46. As a direct and proximate result of Defendants' repeated and persistent acts of unfair competition, Unico and Crusader have suffered and unless Defendants are enjoined by this Court, will continue to suffer, substantial and irreparable injury for which they have no adequate remedy at law.

## COUNT IV

## STATE DECEPTIVE TRADE AND BUSINESS PRACTICES

47. Plaintiffs reallege the allegations contained in paragraphs 1 through 46 as its Paragraph 47.

48. Defendants' acts as set forth above constitute deceptive trade practices in violation of the Uniform Deceptive Trade Practices Act, 815 ILCS 510.

49. Defendants' acts as set forth above constitute deceptive business practices in violation of the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505.

50. Defendants' deceptive trade and business practices have caused and will continue to cause irreparable injury and damage to Plaintiffs' business, reputation and goodwill. Plaintiffs have no remedy at law for this injury.

## COUNT V

## STATE TRADEMARK INFRINGEMENT

51. Plaintiffs reallege the allegations contained in paragraphs 1 through 50 as its Paragraph 51.

52. Defendants' use of the name and mark CRUSADER is in violation of the Trademark Registration and Protection Act, 765 ILCS 1036/60.

53. Unless restrained by this Court, Defendants' use of the name and mark CRUSADER will irreparably damage Plaintiffs, for which Plaintiffs have no adequate remedy at law.

## COUNT VI

## STATE TRADEMARK DILUTION

54. Plaintiffs reallege the allegations contained in paragraphs 1 through 53 as its paragraph 54.

55. Defendants' use of the CRUSADER name and mark is likely to cause dilution of the distinctive quality of Plaintiffs' valuable CRUSADER name and mark and

is likely to cause injury to Plaintiffs' business reputation in violation of 765 ILCS 1036/65.

56. Defendants' dilution of Plaintiffs' name and mark has caused and will continue to cause irreparable injury and damage to Plaintiffs' business, reputation and goodwill. Plaintiffs have no adequate remedy at law to prevent this injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Unico American Corporation and Crusader Insurance Company respectfully request this Court to:

A. Preliminarily and permanently enjoin Defendants, and any person associated with Defendants, from (1) directly or indirectly using the service mark and trade name CRUSADER or any service mark or trade name confusingly similar thereto; (2) directly or indirectly using any other service mark or trade name likely to dilute the distinctive quality of Plaintiffs' mark or injure its business reputation; and (3) further prosecuting the pending trademark applications it has that includes the component term CRUSADER;

B. Direct Defendants to deliver up for destruction or other disposition within thirty days of the entry of judgment all advertising and other materials in their actual or constructive possession that violate the terms of any injunction entered herein or which bear any designation in violation hereof;

C. Direct Defendants to recall all advertising or other materials not yet disseminated to the trade or consumers that violate the terms of any injunction entered herein, or bear any designation in violation thereof;

D. Direct Defendants to account for all profits derived from their wrongful activities and to turn them over, trebled, to Plaintiffs;

E. Order Defendants to pay Plaintiffs all of Plaintiffs' damages, trebled, resulting from Defendants' misconduct, including full compensation for the injury to Plaintiffs' goodwill and business reputation;

F. Order Defendants to pay Plaintiffs $100,000 as punitive damages for Defendants' intentional acts of infringement and unfair competition;

G. Award Unico and Crusader the costs and disbursements of this action, including reasonable attorneys' fees; and

H. Grant such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff Unico American Corporation and Crusader Insurance Company hereby demands a trial by jury of any issue triable of right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**UNICO AMERICAN CORPORATION and CRUSADER INSURANCE COMPANY, Plaintiffs**

By: _____
**One of Their Attorneys**

Mark K. Suri, #6199636
Eric Weimers, #6205977
Amy Ziolkowski, #6284313
**RYNDAK & SURI LLP**
200 W. Madison Street
Suite 2100
Chicago, Illinois 60606
(312) 214-7770