IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNICO AMERICAN CORPORATION, and )
CRUSADER INSURANCE COMPANY )
)
                Plaintiffs, )   Case No. 06-CV-231
)   Judge Blanche M. Manning
vs. )   Magistrate Judge
)   Arlander Keys
)
CRUSADER CAPTIVE SERVICES LLC, and )
BRYN MAWR MANAGEMENT SERVICES LLC )
)
                Defendants. )

## **MEMORANDUM OPINION AND ORDER**

After months of attempting to produce a mutually-agreeable protective order, the parties have turned to this Court to resolve their dispute. Plaintiffs have submitted a detailed order, outlining the protocol for handling both "Confidential" and "Highly Confidential" documents. Defendants argue that some of Plaintiffs' proposed provisions unfairly disadvantage Defendants and are too restrictive.

When good cause is shown, Rule 26(C) of the Federal Rules of Civil Procedure allows courts to enter orders protecting "trade secret or other confidential research, development or commercial information." In deciding whether the moving party has established good cause, the Court balances the parties' interest in keeping certain information confidential against the public's right to inspect documents filed in a court proceeding. *Union*

*Oil Co. Of California v. Leavell*, 200 F.3d 562, 567-68 (7th Cir. 2000). The party seeking to protect documents bears the burden of showing good cause. This typically involves a detailed discussion of the information sought to be protected, supported by valid reasons establishing good cause and legal citations. *Baxter Int'l v. Abbott Labs*, 297 F.3d 544, 548 (7th Cir. 2002).

Plaintiffs have established good cause for the entry of a protective order in this case. Initially, Plaintiffs seek to protect documents, compiled in preparation for this litigation, detailing its marketing expenses (in relation to its UNICO and CRUSADER marks) over the last twenty years. These documents disclose the amounts that Plaintiff has spent on certain types of advertising, revealing Plaintiff's marketing strategies, along with its potential business strengths and weaknesses. Because Defendants are in the business of assisting in the formation of companies that could (and in at lease one instance, do) compete with Plaintiffs, broad dissemination of this information could unfairly disadvantage Plaintiffs' competitive position in the marketplace.

Defendants are not adamantly opposed to a protective order in theory, but object to certain provisions in the proposed order as unduly restrictive. For example, Defendants complain that Paragraph 10 of the proposed order prevents defense counsel from discussing materials designated as Highly Confidential with

anyone but inside counsel. Since neither of the Defendants employs inside counsel, this provision prohibits defense counsel from utilizing anyone employed by their clients to understand and analyze the materials, or to determine the best use for documents designated as Highly Confidential.

Also nettlesome is the proposed order's requirement that defense counsel submit the names of both its testifying and consulting experts to Plaintiffs before divulging confidential materials, to enable Plaintiffs to file an objection with the Court. Defendants take issue with what amounts to an early disclosure of experts, which is not required under the Federal Rules of Civil Procedure.

Finally, Defendants complain that Paragraph 5's requirement that all depositions be treated as Highly Confidential for a period of ten days after receipt of the deposition transcript, is too restrictive. Defendants claim that this provision would effectively bar defense counsel from discussing a deposition with their clients for two to three weeks after a deposition is taken, unreasonably delaying the proceedings. Defendants contend that the opportunity to make confidentiality designations during the course of depositions is all the recourse that Plaintiffs should reasonably require.

Defendants' objections could all be addressed by simply eliminating the proposed order's Highly Confidential designation,

and all of the protocol associated with it. It has been this Court's experience that two-tiered protective orders can be confusing and frequently invite nonproductive satellite litigation. While the Court agrees that the materials Plaintiffs describe should not be broadly disseminated, the Court is not convinced that the information is so sensitive that defense counsel should be prohibited from sharing it with their clients and experts, only to the extent necessary to effectively prepare for trial. The proposed order's other provisions, such as Paragraphs 6 and 7 effectively prevent the potentially damaging dissemination of the materials.

Therefore, the Court strike those portions of the proposed order regarding Highly Confidential materials. This results in depositions being designated as merely Confidential for a period of ten days after the transcript is received, enabling defense counsel to discuss the deposition with their clients in a timely manner. The Court hereby enters the Protective Order, attached to this Order.

DATED: August 11, 2006        E N T E R E D:

                                                              ARLANDER KEYS
                                    United States Magistrate Judge